**UNITED STATES of America**

v.

**Joseph F. VACCA.**

**Crim. No. 76–425.**

United States District Court,
E. D. Pennsylvania.

May 10, 1977.

David W. Marston, U. S. Atty., Louis J. Ruch, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

John Rogers Carroll, Charles V. Stoelker, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

RAYMOND J. BRODERICK, District Judge.

The defendant was charged in a four count indictment with subscribing to false tax returns under penalty of perjury for the years 1970, 1971 and 1973 in violation of 26 U.S.C. § 7206(1)[1] and with willfully at-

---

1. 26 U.S.C. § 7206 provides in pertinent part:

   Any person who—

   (1) Willfully makes and subscribes any return . . . which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . shall be guilty of a felony . . . ..

tempting to evade taxes for the year 1972 in violation of 26 U.S.C. § 7201. At the completion of the Government's case, the Court granted defendant's motion for a judgment of acquittal on Count I involving the year 1970. The jury returned a verdict of not guilty on Counts III and IV which Counts involved the years 1972 and 1973. The jury returned a verdict of guilty as to Count II which concerned the year 1971. Defendant has filed motions for a judgment of acquittal and for a new trial. Oral argument was had on the motions. For the reasons hereinafter set forth, defendant's motions are denied.

### Sufficiency of the Evidence

In his motion for judgment of acquittal, defendant contends that the evidence is insufficient to support a jury verdict of guilty in connection with Count II. The evidence produced at trial, viewed in a light most favorable to the Government, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Armocida,* 515 F.2d 29 (3d Cir.), *cert. denied* 423 U.S. 858, 96 S.Ct. 111, 46 L.Ed.2d 84 (1975), is more than sufficient to support the verdict. The evidence may be summarized as follows:

The defendant's 1971 tax return reported income, solely from wages, of $16,717.00. After adjustments and deductions, defendant's reported taxable income was $3,970.00, resulting in a tax of $615.00. Directly above the signature on the return, allegedly filed by the defendant for the year in question, appears the declaration, "Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete."

Mr. Phillip Horovitz, assistant counsel in the corporate department of the Commonwealth Land Title Insurance Company ("Commonwealth"), brought from the records of Commonwealth, a copy of a settlement sheet dated July 2, 1971 and a copy of a cancelled check, dated July 6, 1971. The settlement sheet, bearing account number C347363FK, refers to the sale of property located at Route # 513, Hulmeville Boro and Bensalem Township, Bucks County. Listed under "Settlement with Seller" is the typed entry "Held for Joseph Vacca" followed by the hand-written entry "Finders Fee $3550.39". The cancelled check is also identified with the account number C347363FK. The cancelled check, payable to Joseph Vacca and in the amount of $3,550.39, contains the description: "Finders Fee, rt 513 Hulmeville Boro & Bensalem Twp, Bucks Co". The check is endorsed by "Joseph Vacca" and was negotiated on July 6, 1971.

William Di Bonaventura testified that in 1971 he and Joseph DiEdgilio purchased property on Route 513, Hulmeville Boro and Bensalem Township in Bucks County. He testified that the defendant attended the settlement held on July 2, 1971, but that he had no knowledge of the services, if any, rendered by the defendant on behalf of the seller. He also stated that he did not know why the defendant received a finders fee of $3,550.39 from the seller.

Internal Revenue Agent Frank Palmieri, testifying as an expert witness, stated that in his opinion, based upon the evidence in the record, the $3,550.39 was income to the defendant in 1971 and the additional tax due on that item is $674.00. The Government's evidence also contained several known handwriting exemplars of the defendant for the jury to compare to the endorsement on the cancelled check.

Thus, the evidence was sufficient for the jury to find that during 1971 the defendant received income of $3,550.39 and that he failed to include that income on his 1971 income tax return which he signed under penalties of perjury.

An essential element which must be established beyond a reasonable doubt to support a conviction under 26 U.S.C. § 7206(1) is that the defendant acted will-

fully. The Court so charged the jury and neither party excepted.[2] The defendant now contends that under 26 U.S.C. § 7206(1), *Holland v. United States,* 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150 (1954), requires that willfulness must be proved by independent evidence which cannot be inferred from the mere understatement of income. The *Holland* case does not establish such a requirement in connection with a violation of 26 U.S.C. § 7206(1), but does establish such a requirement for a violation of 26 U.S.C. § 7201—attempting to evade taxes. In *United States v. Bishop,* 412 U.S. 346, 360–1, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 the Supreme Court stated as follows in connection with a violation of 26 U.S.C. § 7206:

> The Court . . . has recognized that the word "willfully" in these statutes generally connotes a voluntary, intentional violation of a known legal duty. It has formulated the requirement of willfulness as "bad faith or evil intent," *Murdock [v. United States,]* 290 U.S., [389] at 398 [54 S.Ct. 223, 78 L.Ed. 381] . . . or "evil motive and want of justification in view of all the financial circumstances of the taxpayer" . . .. Until Congress speaks otherwise, we therefore shall continue to require, in both tax felonies and tax misdemeanors that must be done "willfully," the bad purpose or evil motive described in *Murdock, supra.*

Footnote 8 in *United States v. Bishop, supra,* reiterates the distinction between the proof required for a violation of 26 U.S.C. § 7201 and 26 U.S.C. § 7206:

> Semantic confusion sometimes has been created when courts discuss the express requirement of an "attempt to evade" in § 7201 as if it were implicit in the word "willfully" in that statute. This type of analysis produces language suggesting that "willfully" in § 7201 has a different meaning from the same term in § 7203. . . . This Court may be somewhat responsible for this imprecision because a similar analysis was employed in *Spies v. United States* [317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418]. . . . Greater clarity might well result from an analysis that distinguishes the express elements, such as an "attempt to evade," prescribed by § 7201, from the uniform requirement of willfulness.

■ Although the independent evidence requirement is not applicable to a violation of 26 U.S.C. § 7206(1), the evidence presented by the government in this case was such as to show a consistent pattern of unreporting large amounts of income for the years 1972 and 1973. The fact that the jury found the defendant not guilty of the crimes charged in counts of the indictment concerning defendant's 1972 and 1973 tax returns did not prevent the jury from considering the pattern of unreported income during those years. In *United States v. Coblentz,* 453 F.2d 503, 505 (2d Cir. 1972), *cert. denied* 406 U.S. 917, 92 S.Ct. 1766, 32 L.Ed.2d 116 (1972), the Court stated: "It is

---

2. The Court charged:

> To act willfully means to act voluntarily and intentionally with specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done: that is to say, to act or participate with the bad purpose either to disobey or to disregard the law. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent the government must prove that the defendant knowingly did an act which the law forbids, or knowingly failed to do an act which the law requires, purposely intending to violate the law. An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. The

purpose of adding the word "knowingly" was to insure that no one would be convicted for an act done because of mistake, or accident, or other innocent reason. Intent is a mental act which is difficult to prove by direct evidence. Intent is the purpose, aim, or state of mind with which a person acts or fails to act. The existence of such an element may be inferred, however, from acts and conduct. An inference is a deduction or conclusion which reason and common sense lead the jury to draw from facts which have been proved. It is impossible, as you know, to look into a defendant's mind and determine what intention existed at a given time. Intention may be inferred from acts, although each act, standing by itself, may seem unimportant.

well established that the jury could properly have considered this evidence (relating to the years 1961 through 1964) on the issue of intent to defraud in 1965, even though they found appellant not guilty of tax evasion for the years 1963 and 1964." *Cf. Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *Schaefer v. United States,* 265 F.2d 750, 754–755 (8th Cir.), *cert. denied* 361 U.S. 844, 80 S.Ct. 97, 4 L.Ed.2d 82 (1959); *Bryson v. United States,* 238 F.2d 657, 663 (9th Cir. 1956), *cert. denied* 355 U.S. 817, 78 S.Ct. 20, 2 L.Ed.2d 34 (1957).

The only cases cited by the defendant in support of his contention that the evidence presented to the jury to show unreported income in 1972 and 1973 could not be used to support a finding of willfulness in 1971 are *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *United States v. Kramer,* 289 F.2d 909 (2 Cir. 1961). Neither case is dispositive of this issue. In *Ashe* the Court was presented with the situation in which the defendant was charged with robbing six players at a poker game. He was tried and acquitted of robbing the first poker player. He was then tried and convicted of robbing the second poker player. The Court held that the fifth amendment's guarantee against double jeopardy precluded subsequent prosecution of the defendant for robbery of the second player. However, there would have been no double jeopardy violation had the defendant been tried on all six robbery counts at one time—which is the analogous situation to the case before us. *Kramer,* too, was a double jeopardy case.

## Admissibility of Exhibits

██ In his motion for a new trial, defendant alleges that the Court erred in allowing exhibits G–3–A, G–3–B and G–12–A into evidence.[3] Exhibits G–3–A is the cancelled check and G–3–B is the settlement

sheet heretofore discussed. Mr. Phillip Horovitz testified that he has worked for Commonwealth for four and one half years and is familiar with the business records maintained by Commonwealth. He testified that handling real estate settlements is part of the regular business of Commonwealth and that it was the practice of Commonwealth to make a record of each and every settlement on a document called a settlement sheet. He further testified that the settlement sheet was prepared by the title clerk at the time of settlement from information which the title clerk received from the parties present at the settlement. He also testified that the cancelled check in the amount of $3,550.39 was issued by Commonwealth, payable to Joseph Vacca, out of the proceeds of the settlement and, as stated on the check and the settlement sheet, was a "Finders Fee".

Federal Rule of Evidence 803 provides: The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . .

(6) *Records of regularly conducted activity.* A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. . .

██ Defendant argues that no evidence was presented by the Government to show that the parties who attended the

---

3. G–12–A, entitled "Schedule of Additional Income and Total Corrected Gross Income for the Year Ending December 31, 1971" was prepared by the Government's expert witness, Frank Palmieri, to demonstrate the additional taxes owed by the defendant in the year 1971. Defendant did not deal with this exhibit at oral argument or in his memorandum and the Court did not err in admitting it into evidence.

settlement had any knowledge of the transaction and that their direction to the settlement clerk to make the $3,550.39 entry on the settlement sheet and issue a check to Joseph Vacca in that amount as a finders fee lacks sufficient trustworthiness for the exhibits to be admitted into evidence. We agree that the informant must have first-hand knowledge, however, Federal Rule of Evidence 803(6) does not require that the "informant" be identified. Mr. Horovitz testified that the title clerk received the information such as the amount of a finders fee from a party to the transaction and that the parties are required to approve the settlement sheet by placing their signatures thereon. Parties to the transaction who approve the payment and distribution of funds at the time of settlement are certainly knowledgeable concerning amounts to be paid from their side of the settlement sheet. We find no problem with the source of the information in connection with the settlement sheet. The parties at settlement who furnish the information to the settlement clerk to be recorded act routinely under a duty of accuracy and are normally considered to have approved their side of the settlement sheet in the regular course of business. This is not, as argued by the defendant, a situation comparable to police records incorporating information obtained from a bystander. At a real estate settlement, the "informant" is a party who approves an amount to be received by him or paid out by him.

While we have not discussed herein all of the contentions which were raised by defendant, we have, however, reviewed the record and considered all the grounds alleged by the defendant in his motions for a judgment of acquittal and for a new trial and we find that none of them either singly or collectively has sufficient substance to merit any further discussion as a basis for granting a judgment of acquittal or a new trial in this case.

For all the aforementioned reasons, we deny defendant's motions and enter the attached Order.